UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM SWALLOW, | ) | Case No. 1:23-cv-02094 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff William Swallow brought this action alleging that Defendant Wells Fargo Bank violated the Fair Debt Collection Practices Act when Wells Fargo acted as a "creditor" in collecting on a debt.  (ECF No. 1-2, ¶ 1, PageID #15.)  Defendant moves to dismiss the complaint for failure to state a claim.  (ECF No. 7-1, PageID #29.)  Plaintiff did not respond to the motion, which the **GRANTS**.

## STATEMENT OF THE FACTS

Taking the facts alleged in the complaint as true and construing them in Plaintiff's favor, as the Court must on the motion before it, Mr. Swallow bases his claims on the following facts.

Mr. Swallow owes some debt of an unspecified nature and amount to Wells Fargo.  (ECF No. 1-2, ¶¶ 4 & 9, PageID #15–16.)  Mr. Swallow alleges that he is a "debtor" and Wells Fargo Bank is a "creditor" within the meaning of the FDCPA.  (*Id.*, ¶ 1, PageID #15.)  Mr. Swallow also alleges that Wells Fargo was "a company engaged . . . in the business of collecting a debt from Plaintiff."  (ECF No. 1-2, ¶ 3, PageID

#15.)  To "verify the alleged debt," Mr. Swallow requested that Wells Fargo provide him details about his "billing statements, interest, payments applied, and delinquency information."  (*Id.*, ¶ 5, PageID #16.)

At some point, Mr. Swallow retained an attorney, who submitted a notice of representation to Wells Fargo's complaint management office.  (*Id.*, ¶ 6, PageID #16.)  Mr. Swallow retained the attorney to "dispute [his] debt, added on fees, and penalties."  (*Id.*)  Despite having notice of Mr. Swallow's legal representation, Wells Fargo continued contacting Mr. Swallow directly.  (*Id.*, ¶ 7, PageID #16.)

Wells Fargo failed to clarify the amount Mr. Swallow owes on his debt and to "reset [the] interest-free period after [Mr. Swallow] was provided with a non-defective product."  (*Id.*, ¶ 9, PageID #16.)  As a result, Mr. Swallow's credit rating has suffered, and he has been unable to receive credit from third parties.  (*Id.*, ¶ 10, PageID #16.)  Mr. Swallow alleges that Wells Fargo's conduct violated the FDCPA more than ten times.  (*Id.*, ¶ 8, PageID #16.)

## STATEMENT OF THE CASE

On September 18, 2023, Plaintiff filed a complaint against Defendant in the Parma Municipal Court (No. 23CVF03609), raising three claims for relief under the Fair Debt Collection Practices Act.  (*See* ECF No. 1-2, PageID #15–17.)  On October 25, 2023, Defendant timely removed this action under 28 U.S.C. § 1331 based on federal question jurisdiction.  (ECF No. 1, PageID #1.)  On November 27, 2023, Defendant moved to dismiss Plaintiff's complaint for failure to state a claim.  (ECF

No. 7-1, PageID #29.)  Plaintiff did not oppose the motion, request an extension of time to do so, or otherwise respond.

## ANALYSIS

Rule 12(b)(6) provides that a court can dismiss a complaint if it fails to state a claim on which relief can be granted.  A Rule 12(b)(6) motion tests "the plaintiff's cause of action as stated in the complaint," and is "not a challenge to the plaintiff's factual allegations."  *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005).  Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief.  *Craighead v. E.F. Hutton & Co., Inc.*, 899 F.2d 485, 489–90 (6th Cir. 1990).  When determining whether the plaintiff states a claim on which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).  To survive a motion to dismiss, a complaint must "raise a right to relief above the speculative level" into the "realm of plausible liability."  *Twombly*, 550 U.S. at 555, 557 n.5.

The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555.Nor is a court required to accept "[c]onclusory allegations or

legal conclusions masquerading as factual allegations[.]" *Eidson v. Tennessee Dep't of Child.'s Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). Therefore, the Court distinguishes between "well-pled factual allegations," which must be treated as true, and "naked assertions," which need not be. *See Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (cleaned up); *see also, e.g.*, *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 375 (6th Cir. 2011) (determining that because some of the plaintiff's factual allegations were "not well-pleaded[,]" "their conclusory nature 'disentitles them to the presumption of truth'").

## I.    Plaintiff's Failure to Respond

Defendant moved to dismiss Plaintiff's complaint on November 27, 2023. (ECF No. 7.) Plaintiff has not filed a response and the time for doing so has now passed. *See* Local Rule 7.1(d) ("[E]ach party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion . . . ."). The Court may interpret the absence of a response to a motion to dismiss as a waiver of the right to respond. *See Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x. 567, 569 (6th Cir. 2013) (explaining that a plaintiff's failure to oppose a motion to dismiss operates as a waiver of opposition and provides an independent basis for granting the unopposed motion); *Humphrey v. United States Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (same); *Demsey v. R.J. Reynolds Tobacco Co.*, No. 1:04-cv-1942, 2005 WL 1917934, at *2 (N.D. Ohio Aug. 10, 2005) ("The court's authority to grant a motion to dismiss because it is unopposed is well established.").

Accordingly, Plaintiff's failure to oppose the motion to dismiss supplies an adequate basis to dismiss this case.  *See also* N.D. Ohio Local Rule 7.1(g) (noting that the Court may rule on unopposed motions without hearing any time after the time for filing has passed).

## II.     Failure to State a Claim

Notwithstanding Plaintiff's failure to respond to Defendant's motion to dismiss, Plaintiff's complaint fails to state a claim for relief on the merits.  The Fair Debt Collection Practices Act prohibits "debt collectors" from collecting on a debt using false, deceptive, or misleading statements, 15 U.S.C. § 1692e, or otherwise engaging in unfair practices, *id.* § 1692f.  To prevail on a claim under the FDCPA, the defendant must be a "debt collector" within the meaning of the statute.  *Mellentine v. Ameriquest Mortg. Co.*, 515 F. App'x 419, 423 (6th Cir. 2013).  Defendant argues that Plaintiff fails to state a claim because a bank collecting on its own account is not a "debt collector" under the statute.  (ECF No. 7-1, PageID #33–35.)

The FDCPA defines a "debt collector" as "any person" who:  (1) operates in "any business the principal purpose of which is the collection of debts," or (2) "regularly collects . . . debts owed . . . to be owed or due another."  15 U.S.C. § 1692a(6).  These two definitions impose distinct requirements, *Schroyer v. Frankel*, 197 F.3d 1170, 1176 (6th Cir. 1999), particularly "critical" is the distinction between "the 'principal purpose' of the defendant's business or the actions that the defendant 'regularly' takes."  *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 481 (6th Cir. 2020) (quoting 15 U.S.C. § 1692a(6)).  A finding that a defendant's business has the "principal purpose" of debt collection requires specific allegations separate from the events of

the particular transaction at issue.  *See Montgomery v. Huntington Bank*, 346 F.3d 693, 701 (6th Cir. 2003); *Golliday v. Chase Home Fin., LLC*, 761 F. Supp. 2d 629, 635 (W.D. Mich. 2011).  "For Wells Fargo to be a debt collector under the first definition, Plaintiffs must allege that *the* principal purpose of Wells Fargo's business is debt collection, not that *one of* Wells Fargo's principal businesses is debt collection." *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1137 (N.D. Cal. 2013).

Under the second definition, a "debt collector" must collect debts on behalf of others, that is, on behalf of a creditor.  *See* 15 U.S.C. § 1692a(6); *see also Iler v. Wells Fargo Bank N.A.*, No. 1:13-cv-281, 2020 WL 6778210, *2 (S.D. Ohio Nov. 18, 2020). The terms "creditor" and "debt collector" are mutually exclusive as to a specific debt. *Washington v. Weinberg Mediation Grp., LLC*, 468 F. Supp. 3d 966, 968–69 (N.D. Ohio 2020) (citing *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 359 (6th Cir. 2012)).   Under the statute, the term "creditor" means "any person who offers or extends credit creating a debt or to whom a debt is owed."  15 U.S.C. § 1692a(4).  A bank that owns the debt to be collected is a "creditor" under the FDCPA, and "creditors are not subject to the FDCPA when collecting their accounts." *Montgomery*, 346 F.3d at 699 (quoting *Stafford v. Cross Country Bank*, 262 F.Supp.2d 776, 794 (W.D. Ky. 2003)).

Here, Plaintiff does not allege that Defendant qualifies as a debt collector under the "principal purpose" definition—Plaintiff merely asserts that Defendant is in "the business of collecting a debt."  (ECF No. 1, ¶ 3, PageID #15.)  That bare allegation is not enough to state a claim under the FDCPA.  *See Montgomery*, 346

F.3d at 701 (affirming dismissal of a plaintiff's FDCPA claim in part because the plaintiff failed to allege that the defendant bank was a business whose "principal purpose" was debt collection).

Moreover, Plaintiff's allegations do not place Defendant under the second definition because there is no allegation that Defendant attempted to collect a debt on behalf of a third party. Even if Defendant "regularly" collected debts, 15 U.S.C. § 1692a(6), Defendant owned the debt that Plaintiff owed—making Defendant a "creditor" under the FDCPA. *Montgomery*, 346 F.3d at 699. Plaintiff even characterized Defendant as a "creditor" and not as a debt collector. (ECF No. 1-2, ¶ 1, PageID #15.) Therefore, Plaintiff's claims that Defendant violated the FDCPA fail as a matter of law.

## CONCLUSION

For all these reasons, the Court determines that Plaintiff has failed to state a claim against Wells Fargo Bank. Therefore, the Court **GRANTS** Defendant's unopposed motion to dismiss and **DISMISSES** this action with prejudice.

**SO ORDERED.**

Dated:  January 26, 2024

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio

7